# Richmond.

MARTZ, CLERK, &c., v. COUNTY OF ROCKINGHAM.

November 17, 1910.

Absent, Keith, P., and Cardwell, J.

1. CLERKS—*Fees—Copying List of Voters—Act, March 3, 1908—Construction.*—Under the act approved March 3, 1908, fixing the compensation of clerks for copying and certifying the treasurer's list of persons who have paid their poll taxes as a prerequisite to the right to vote, the compensation of the clerk is two cents for each ten words, for the first copy, and one-half cent for each ten words for the whole number of additional copies furnished by him, and not for *each additional copy.* Looking to the former act which this one amends and the compensation of other officers under the present act, and treating the language of the act as ambiguous, this construction seems more reasonable and just than to allow compensation far in excess of the value of the services rendered, and will best harmonize with the legislative intent as gathered from the whole legislation on the subject, and will therefore be adopted.

2. STATUTES—*Construction—Ambiguous Language.*—However absurd or unjust a statute may be, if the language is plain, it is the duty of courts to give full effect to it, and leave it to the legislature to amend, or make such changes in it as it may deem proper; but where the language is ambiguous the courts will give to it that construction which is more reasonable and just.

Error to a judgment of the Circuit Court of Rockingham county on an appeal from the Board of Supervisors. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Ed. C. Martz,* for the plaintiff in error.

*Conrad & Conrad,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error, the clerk of the Circuit Court of Rockingham county, presented to the board of supervisors of that county his account for preparing lists of all persons having paid their poll taxes six months prior to the November election, 1910, and for certifying the same, as provided by an act of Assembly approved March 3, 1908, Acts 1908, p. 162. This account is as follows:

"First copy 13,750 words, 2 cents for each ten
  words, .................................$  27.50
"62 additional copies 13,750 words each, ½ cent for
  each ten words, .........................$ 426.25
                                            _____
"Total a/c ...........................$ 453.75"

The board of supervisors allowed him $34.37 for preparing and certifying copies of the list, and $47.50, the cost of printing the same. From that action of the supervisors the clerk appealed to the circuit court, which affirmed the action of the board of supervisors. In doing so, the court, in its written opinion filed with the record, held that the sum of $34.37 allowed by the supervisors for copying and certifying the said list was the full compensation authorized to be paid by the act of Assembly; that there was no authority of law for allowing the $47.50 for printing the list, but as there was no objection made to that allowance on the part of the county the court would affirm the action and order of the board of supervisors. To the order of the circuit court this writ of error was awarded.

By the act of March 3, 1908, it is made the duty of the treasurer of each county and city to make, at least five months before the second Tuesday in June and each regular election

in November, a list of all persons in his county or city who have paid not later than six months prior to each of said dates the State poll taxes required by the Constitution as a prerequisite to voting, with the clerk of the circuit court of his county or of the corporation court of his city. The clerk, within ten days after the receipt of the list so filed by the treasurer, is required to make and certify as many copies of said list as there are voting places in said county or city, and to deliver the same to the sheriff or sergeant of his county or city. The clerk is further required to make, certify and keep in his office for public inspection not less than ten copies of the said treasurer's list. After the said list has been corrected as provided by section 2 of the act, the clerk is required to deliver or cause to be delivered a reasonable time before any election to one of the judges of election of each precinct in the county or city a like certified copy of such corrected list, and also to forward to the auditor of public accounts a copy thereof.

The compensation for these services is fixed by section 4 of the act, and is as follows:

"For making and certifying such list the treasurer shall be allowed three cents for each ten words, counting initials as words, and the clerk, for copying and certifying the same, shall be allowed two cents for each ten words, counting initials as words, for the first copy, and one-half cent for each ten words for all other copies required to be made. The sheriff or sergeant posting the list shall receive twenty-five cents for each list which he posts."

Under the provisions of the section quoted it is plain that the clerk is entitled to two cents for every ten words of the first copy of the list made by him. The matter in controversy is what compensation he is to receive for the other copies required to be made.

The clerk's contention is that he is entitled to receive a half cent for every ten words of *each additional copy*. On the

other hand, the board of supervisors insist that for the additional copies made the clerk is entitled to one-half cent for each ten words of the list as compensation for the whole number of additional copies, and not for each additional copy required.

The trial court was of opinion that, while the language used was not the best that might have been chosen, yet that the natural grammatical import of the words used was that the clerk should receive one-half cent for each ten words of the list as compensation for all other copies required. In reaching that conclusion the court said: "The language is, 'one-half cent for each ten words for all other copies required.' If it said, 'one-half cent for each ten words of each of all other copies required,' or 'one-half cent for each ten words of each of the other copies required,' or 'one-half cent for each ten words for each of the other copies required,' the effect would be different. But the language means and is equivalent to 'one-half cent for each ten words of the list as compensation for all other copies required.' That is the natural grammatical import of the words used."

If this is the plain meaning of the language used, then the conclusion reached by the trial court was clearly right. But if that be not its plain grammatical meaning, it will justify the construction given it by the trial court at least as well as that contended for by the appellant. Treating the language as ambiguous, the court in construing it may consider which of the two constructions insisted upon is the more reasonable and just, and will best harmonize with the legislative intent as gathered from the whole legislation on the subject. See *Immigrant Society, &c.* v. *Com.*, 103 Va. 46, 48 S. E. 509, and authorities cited.

By the act of March 10, 1904, (Acts 1904, p. 131, Code (1904) sec. 86b) which the act of March 3, 1908, amends, the compensation of the clerk for the same services is fixed at "two cents for each ten words, counting initials as words,

for the first copy, and the actual reasonable costs of printing
or otherwise making, in the cheapest way obtainable, the other
copies which he is required to make."

It is apparent from this provision of the act, as well as
from the small compensation allowed the treasurer, the sheriff
and the sergeant for the services required of them in carrying
out its provisions, that the legislature did not intend to im-
pose upon the counties and cities any greater charge for the
services rendered by these public officials than their services
were reasonably worth. When that act was amended by the
act of March 3, 1908, no change was made in the compensa-
tion fixed for the services of the treasurer, sheriff and ser-
geant. But if the contention of the appellant clerk is cor-
rect, the legislature intended that he should receive for his
services, not what they were actually or reasonably worth, as
did the other officers mentioned, but several times as much.

The treasurer of Rockingham county, for collecting the
material, separating the names of white and colored voters,
and making out the said list alphabetically, was entitled to
the sum of $41.25, and the sheriff for posting the lists fur-
nished him at the twenty-six voting precincts in the county
was entitled to the sum of $6.50, while the clerk for his ser-
vices would be entitled to the sum of $453.75—five or six times
as much as his services were actually worth, if he had the cop-
ies printed as he had the right to do and as he did. No rea-
son is given and none exists, so far as we can see, why, in
carrying out the provisions of the act, the treasurer, sheriff
and sergeant should be required to perform the duties im-
posed upon them by the act in the interest of the people for
what their services are actually worth, or less, and the clerk
should receive as compensation for performing the duties im-
posed upon him five or six times what such services are worth.
If the language of the act fixing his compensation plainly
gave him this exorbitant compensation, it would be the plain
duty of the court to so decide, for however absurd or unjust

a law may be, it is the duty of the courts to give it full effect, and leave it to the legislature to amend or make such changes in the law as it may deem proper; but where the language of the act is ambiguous, the courts will give that construction to it which will be the more reasonable and just, and such was the construction placed upon it by the trial court, in our opinion.

It may be true, as argued, that the compensation which the clerks will receive under the construction placed upon the act will be less than their services are worth, or the necessary expenses of performing the duties imposed. This we think is true also in the case of treasurers, sheriffs and sergeants for performing the services required of them.

Upon the whole case, we are of opinion that the order complained of should be affirmed.

*Affirmed.*