# Richmond

EUGENE CARTER, ADMINISTRATOR OF THE ESTATE OF GRACE CARTER, DECEASED v. NADINE EDWARDS NELMS.

June 10, 1963.

Record No. 5562.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*S. W. Coleman, Jr., (Coleman & Coleman,* on brief), for the plaintiff in error.

*Jay G. Kauffman* and *Emanuel Emroch (Frank N. Cowan,* on brief), for the defendant in error.

EGGLESTON, C. J. delivered the opinion of the court.

Nadine Edwards Nelms, while riding as a passenger in a car driven by her husband, Charles Nelms, Jr., was injured when that car

collided with another driven by Grace Carter. Mrs. Nelms filed a motion for judgment against Mrs. Carter to recover damages for her injuries. Pending the suit Mrs. Carter died of causes unrelated to the accident and her husband, Eugene Carter, as administrator, was substituted as party defendant. There was a trial before a jury which resulted in a verdict and judgment in favor of the plaintiff, Mrs. Nelms, against Mrs. Carter's administrator for the sum of $18,945.80. We granted the defendant administrator a writ of error.

On appeal the defendant administrator contends that the verdict is contrary to the law and the evidence in that there was no showing that Mrs. Carter was guilty of negligence which was a proximate cause of the accident, that the negligence of Nelms, the driver of the other car, was the sole proximate cause, and that, in any event, the plaintiff, Mrs. Nelms, was guilty of contributory negligence; the lower court erred in the admission and exclusion of certain evidence and in its rulings on the instructions.

There is a motion by the plaintiff appellee to dismiss the appeal on the ground that the appellant has failed to designate for printing everything germane to the errors assigned, as required by Rule 5:1, § 6. The main point of attack is that the designation does not include all of the evidence which is necessary and material for a determination of the sufficiency of the evidence; that it includes mainly the evidence favorable to the appellant and omits much that is favorable to the appellee.

We have several times pointed out the necessity for compliance with this rule. In *DeMott* v. *DeMott*, 198 Va. 22, 24, 92 S. E. 2d 342, 343, we said: "The appellant who asks us to set aside a finding of the trial court on the ground that it is not sustained by the evidence has the primary responsibility of designating all of the evidence which is necessary and material for us to determine that issue. He must designate not only that which is favorable to him, but that which is favorable to his opponent, for obviously without access to all of the material evidence it is impossible for us to determine its sufficiency." See also, *Jenkins* v. *Womack*, 201 Va. 68, 69, 109 S. E. 2d 97, 98.

The purpose of the rule is to incorporate in the printed record everything essential and germane to an intelligent determination of the errors assigned and to relieve the court of the burden of looking to the manuscript record for this purpose. *Hall, Adm'x* v. *Miles*, 197 Va. 644, 645, 646, 90 S. E. 2d 815, 817; *Whitlow* v.

*Grubb,* 198 Va. 274, 276, 93 S. E. 2d 134, 135.

In the present case the designation for printing by the appellant includes some evidence favorable to the plaintiff appellee, but, in violation of the rule, omits considerable other evidence favorable to that party. While this violation of the rule would justify us in refusing to consider the assignments of error involving the sufficiency of the evidence, such drastic action will not be taken here because upon consideration of all of the pertinent evidence, including that designated and that omitted, we find that it is sufficient to sustain the verdict.

■ The accident occurred on the late afternoon of February 18, 1960, on U. S. Highway No. 23 in Scott county. At the scene this highway runs in a southeasterly and northwesterly direction and is paved to a width of 19½ feet. Just before the impact the Nelms car was proceeding southeasterly and following a truck. The Carter car was proceeding in its proper lane in the opposite direction. When the Nelms car reached the end of a "no-passing" zone, as indicated by a solid line painted on the pavement, Nelms turned to the left, drove across the center line of the highway into his left-hand lane and passed the truck. In doing so, the Nelms car collided head on with the oncoming Carter car.

It is undisputed that at the time of the collision the Carter car was not displaying its headlights. But there is a sharp conflict in the evidence as to the time of the accident, the condition of the visibility, and whether lights on vehicles were necessary under Code (1958 Replacement Volume), § 46.1-268. At the time of the collision this statute required the display of headlights on a vehicle upon a highway in this State from a half hour after sunset to a half hour before sunrise and at any other time when, due to insufficient light or unfavorable atmospheric conditions, *"persons in vehicles* on the highway" are not clearly discernible at a distance of 500 feet. (Emphasis added.)

The evidence shows without dispute that the sun set on the day of the accident at 6:17 P. M. The plaintiff, Mrs. Nelms, introduced evidence which tended to show that the accident occurred between 6:30 and 7:00 P. M., after dark, when it was snowing hard, visibility was poor, and lights were required on vehicles.

On the other hand, the testimony on behalf of the defendant, Carter, is that the collision occurred between 5:30 and 5:45 P. M., during daylight, when the visibility was good and lights on vehicles were not necessary.

Nelms testified that he had been following the truck some distance before the collision and but for the curving road and oncoming traffic would have passed it on several occasions; that when he emerged from the "no-passing" zone he accelerated his speed, sounded his horn, and passed the truck; and that because the oncoming Carter car was displaying no headlights he was unable to see it and avoid the collision. He further said that it was dark, snowing hard, and that the visibility was poor. Both his car and the truck, he said, were displaying headlights.

The verdict of the jury has, of course, settled in favor of the plaintiff the conflict in the evidence as to the time of the accident and the need for displaying the headlights on the Carter car because of insufficient light or unfavorable atmospheric conditions, as required by the statute. (Code, § 46.1-268.) The jury had the right to find from the related circumstances that this failure of Mrs. Carter to display the headlights on her car constituted negligence which was a proximate cause of the collision. See *Barry* v. *Tyler*, 171 Va. 381, 387, 199 S. E. 496, 499; *Simmons* v. *Craig*, 199 Va. 338, 343, 99 S. E. 2d 641, 645.

Conceding, but not deciding, that Nelms was likewise guilty of negligence in passing the truck and driving into the lane occupied by the Carter car, in the manner and under the circumstances related, it was for the jury to say whether such negligence of Nelms, if any, was the sole proximate cause of the accident. That issue the jury have also resolved in favor of the plaintiff under proper instructions.

There was evidence that the plaintiff, Mrs. Nelms, was observing the traffic lines on the pavement and advising her husband whether and when it was safe for him to pass the truck. The defendant appellant argues that in so doing she was a joint operator of the car and was guilty of contributory negligence as a matter of law. We do not agree with this contention. This evidence does not show that the plaintiff was an active participant in the operation of the car. She merely undertook to advise her husband when their car had cleared the "no-passing" zone. There is no evidence that she gave him any directions or advice as to whether it was safe for him to undertake to pass the truck ahead of him. The decision to do so was his and not hers.

But, in any event, whether this conduct on the plaintiff's part constituted contributory negligence was submitted to the jury and decided in her favor. Clearly that decision was correct.

Complaint is made that the lower court permitted counsel for

the plaintiff to contradict the testimony of the defendant, Carter, given at the trial, by showing that it was inconsistent with certain statements made by him in the report of the accident which he filed with the Division of Motor Vehicles, pursuant to Code, § 46.1-400. It is argued that this evidence is in violation of Code, § 46.1-408, which reads as follows: "No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the Division shall furnish upon demand of any person who has or claims to have made such a report or upon demand of any court a certificate showing that a specified accident report has or has not been made to the Division, solely to prove compliance or noncompliance with the requirement that the report be made to the Division." See also, *Willis* v. *Commonwealth,* 190 Va. 294, 56 S. E. 2d 222.

The ready answer to this contention is that there was no objection to such evidence at the time of its introduction nor at any time before the verdict. The question was first raised as "additional ground" in support of the motion to set aside the verdict. Clearly this was too late.

*Mutual Benefit Health & Accident Ass'n* v. *Alley,* 167 Va. 144, 187 S. E. 456, relied upon by the defendant appellant, does not support his contention that the admission of the statements made by him in the accident report constituted reversible error, even though no objection was made thereto. In that case we held that where the statute (Code of 1919, § 4315) prohibited the use in evidence of any statement made in an application for a health and accident policy which was not incorporated in the policy, the appellate court, in a suit on the policy, would consider only those statements contained in the application incorporated in the policy, notwithstanding the insured did not object to the introduction of such other statements. There we were concerned with whether by virtue of the statute statements in the application, not incorporated in the policy, should be excluded as a part of the policy. We were not, as in the present case, concerned with the mere inadmissibility in evidence of the statements.

The plaintiff, Mrs. Nelms, who had not testified in chief, was called to the stand in rebuttal for the purpose of ascertaining whether she had made certain statements attributed to her by the defendant in a criminal proceeding arising out of the same accident. She replied that she did not recall whether she had made these statements. She further testified that she did not recall how the accident happened.

The defendant then took the position that since the plaintiff had

so testified, he was entitled under Code, § 8-286, to read the testimony of Mrs. Carter, who had since died, given at the same hearing. Whereupon the plaintiff asked leave of the lower court to strike the brief testimony of Mrs. Nelms. This motion was granted and the jury were instructed to disregard this testimony. Notwithstanding this action, the defendant again insisted upon the right to read the testimony of Mrs. Carter at the previous hearing, and the refusal of the court to allow him to do so is assigned as error.

Code, § 8-286, reads as follows: "In an action or suit by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony; and in any such action or suit, if such adverse party testifies, all entries, memoranda, and declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence."

The defendant relies upon *Hoge, Adm'r* v. *Anderson*, 200 Va. 364, 106 S. E. 2d 121, in which we held that where a plaintiff had testified as to the nature and extent of his injuries received in an automobile accident but said that he did not remember the circumstances of the accident, the defendant was entitled under this statute to introduce in evidence the statement made by the driver of the other automobile involved in the accident, since deceased, concerning the circumstances of the accident.

In the present case we need not decide whether the testimony of Mrs. Nelms that she did not remember whether she had made the statements attributed to her and had no recollection of the circumstances of the accident, entitled the defendant administrator to read the testimony of Mrs. Carter given at the previous hearing. When Mrs. Nelms' testimony was stricken and the jury were instructed to disregard it, she was in the position of not having testified at all. In that situation, the lower court correctly ruled that the previous testimony of Mrs. Carter was not admissible under the statute.

Finally, the defendant insists that in its rulings on the instructions the lower court erred in its interpretation and application of Code (1958 Replacement Volume), § 46.1-268. As has been said, at the time of the accident the pertinent portion of this statute read as follows: "Every vehicle upon a highway within this State shall

display lighted lamps and illuminating devices as required by this article from a half hour after sunset to a half hour before sunrise and at any other time when, due to insufficient light or unfavorable atmospheric conditions, *persons in vehicles* on the highway are not clearly discernible at a distance of 500 feet." [1] (Emphasis added.)

Over the objection of the defendant, the court instructed the jury, in the language of the statute, that it was the duty of Mrs. Carter to display proper headlights on her car "when, due to insufficient light or unfavorable atmospheric conditions, *persons in vehicles* on the highway were not clearly discernible at a distance of 500 feet." (Emphasis added.) It refused to instruct them, at the request of the defendant, that such lights were not required when there was sufficient light "to clearly discern or see vehicles *or* persons on the highway at a distance of 500 feet." (Emphasis added.)

It is argued that the requirement for the display of lights in the precise language of the statute, that is, when persons "in vehicles" on the highway are not clearly discernible by natural light at a distance of 500 feet, is "absurd" and "ridiculous;" that the use of the word "in" in the phrase is an obvious clerical error; that the phrase should be given its plainly intended meaning of requiring lights when "persons or vehicles" on the highway are not clearly discernible by natural light at the stated distance.

In support of his position the defendant points to the fact that the antecedent statutes required the display of headlights when natural light was insufficient to "discern an object at a distance of three hundred feet," and that it serves no sensible purpose to require such lights when "persons in vehicles" are not clearly discernible. Moreover, he says, by Act of 1960, ch. 156, p. 164, the wording of this particular phrase was changed to read "persons or vehicles," which was the obvious intent of the statute as originally written. Hence, the defendant says, the lower court's interpretation and application of the statute in its instruction were erroneous.

We do not agree with this contention. It is elementary that it is the function of the courts to interpret and apply the acts of the legislature as written and not to rewrite or correct them. 17 Mich. Jur., Statutes, § 33, p. 282, and cases there collected.

---

[1] This section was incorporated in a revision of the motor vehicle laws by Act of 1958, ch. 541, p. 685. The particular section appears at page 746. Code (1958 Replacement Volume), § 46.1-268. It replaced Code of 1950, § 46-275, as amended, which required headlights "If natural light is insufficient to enable the operator of a vehicle to discern an object at a distance of three hundred feet". It was amended by Act of 1960, ch. 156, p. 164, effective after the date of the accident.

The statute, as written, is plain and unambiguous. The language used is intelligible and meaningful in that it clearly sets out the requirements with respect to when headlights must be displayed on vehicles on the highway. Whether these requirements are wise or necessary is a question for the legislature and not for the courts. *Temple* v. *City of Petersburg*, 182 Va. 418, 423, 29 S. E. 2d·357, 358, 359; *Fairbanks, Morse & Co.* v. *Town of Cape Charles*, 144 Va. 56, 63, 131 S. E. 437, 439; *Martz* v. *County of Rockingham*, 111 Va. 445, 449, 450, 69 S. E. 321.

For us to say, as the defendant contends, that the phrase "persons in vehicles" should be construed as meaning "persons or vehicles" would be to rewrite the statute. As we said in *Winston* v. *City of Richmond*, 196 Va. 403, 407, 408, 83 S. E. 2d 728, 731, "When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation."

The question here is not what the legislature intended to enact, but what is the meaning of that which it did enact. We must determine the legislative intent by what the statute says and not by what we think it should have said.

The statute, as written, is not inconsistent with its antecedents. Nor does the fact that the language was changed by the 1960 amendment show that it was the intent of the General Assembly that it should have had that meaning prior to the amendment.

Clearly, then, the lower court was right in instructing the jury in accordance with the language of the statute.

On the whole we find no prejudicial error in the proceedings and the judgment is

*Affirmed.*