## CIRCUIT COURT OF FAIRFAX COUNTY

William W. Rogal et al.

v.

Hughes and Smith, Inc., et al.

June 10, 1994

Case No. (Chancery) 131757

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on the Defendants' Demurrer to the Complainants' Second Amended Bill of Complaint. The Court has considered the parties' memoranda and the authorities cited therein. For the reasons set forth hereinafter, Defendants' Demurrer is overruled as to all Counts.

Complainants have filed a derivative action on behalf of the Partnership, Four Seasons Tennis Club of Merrifield (Partnership), pursuant to Virginia Code § 50-73.2 *et seq.* In their Second Amended Bill of Complaint, the Complainants assert that the Partnership suffered injury as result of various actions taken by the General Partner, Hughes and Smith, Inc., and two named individual Defendants Robert T. Williams and John J. Hughes. Defendant Robert T. Williams is a limited partner in the Partnership and Defendant John J. Hughes, Jr., is the President of Defendant Hughes and Smith, Inc. The Partnership is named as a nominal Defendant in this suit. Specifically, Complainants allege six different theories of recovery including: (1) Count I—Breach of Fiduciary Duty, (2) Count II—Fraud, (3) Count III—Conversion, (4) Count IV—Breach of Contract, (5) Count V—Interference with Contract and, finally, (6) Count VI—Common Law Conspiracy to Induce Breach of Contract.

### I. *General Demurrer*

Defendants' demur to all Counts generally on the grounds that the Partnership has no cause of action against the Defendants until there has been

a proper dissolution and accounting. In support of their position, the Defendants rely on *Dulles Corner Properties v. Smith*, 246 Va. 153, 155-156 (1993), and *Summerson v. Donovan*, 110 Va. 657, 658-659 (1910). Further, the Defendants add that Virginia Code § 50-73.62, *Right of Action*, does not alter the long-established rule that no right to sue between partners arises until after a proper dissolution and accounting has been accomplished.

In relevant part, Virginia Code § 50-73.62 states, "[a] limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor to the same extent that a stockholder may bring an action for a derivative suit under the Stock Corporation Act . . . ." While no Virginia appellate courts have had occasion to interpret this section,[1] and notwithstanding that a dissolution and an accounting continue to serve as a condition precedent to suits arising between general partners, this statutory language is unambiguous and clear; limited partners may bring derivative actions in the right of the partnership. Although Defendants continue to argue that this derivative suit is only proper in situations where claims arise outside of the parties' partnership agreement, the statute is clear and this court, "must determine the legislative intent by what the statute says and not by what we think it should have said." *Turner v. Wexler*, 244 Va. 124, 127 (1992) (citing *Carter v. Nelms*, 204 Va. 338 (1963)).

Furthermore, the cases cited by the Defendants are inapposite. The Supreme Court's opinion in *Summerson* preceded Virginia's adoption in 1985 of the Revised Uniform Limited Partnership Act and it appears that neither *Smith* nor *Summerson* concerned a suit by a limited partner on behalf of the partnership entity against other general or limited partners. *Smith* only stands for the proposition that the Revised Uniform Limited Partnership Act was not intended to alter the settled rule in Virginia that suits between general partners growing out of partnership transactions will not lie until a dissolution and settling of accounts has been accomplished. *Id.* at 155-156. In short, *Smith* simply notes that the form of the partnership entity is irrelevant in the determination of whether a dissolution and accounting

---

[1] Complainants rely on a recent California appellate decision in support of their position that a limited partner derivative action is proper under these circumstances. While that decision did not involve language from the Revised Uniform Limited Partnership Act, it does suggest that the Revised Act explicitly sanctions limited partner derivative actions. *See Wallner v. Parry Prof. Bldg., Ltd.*, 27 Cal. Rptr. 834, n. 4 (Cal. Ct. App. 1994).

serves as a necessary precondition for suits between general partners growing out of partnership transactions. *Id.* Neither decision runs contrary to the plain language of § 50-73.62. The Defendants' position that the limited partner's right to bring a statutory derivative suit is only proper against alleged third-party debtors of the partnership is unsupported by the statute and the relevant case law.[2] The Demurrer is overruled on this general ground.

At the May 4, 1994, hearing, the Court overruled the Defendants' Demurrer to Counts I and III subject to further written argument concerning whether a derivative suit was appropriate under these circumstances. Because the Court rules that this derivative suit is proper pursuant to § 50-73.62, the Court's May 4, 1994, ruling stands and the Defendants' Demurrer to Counts I and III remains overruled.

As the Court noted at oral argument, the underlying policy reasons for allowing limited partners to bring derivative suits is clear. "The necessarily passive nature of the limited partners' role invites mismanagement and self-dealing by general partners." Hecker, *Limited Partners' Derivative Suits Under the Revised Uniform Limited Partnership Act*, 33 Vand. L. Rev. 343, 344 (1980). When a profitable ongoing concern is involved, the traditional remedies of dissolution and accounting are simply inadequate. *Id.* at 349.

## II. *Demurrer as to Counts II, IV, V and VI*

### A. *Count II—Fraud*

Defendants primarily argue that the Partnership could not have possibly relied on any false representations or deliberately concealed material facts since knowledge and notice of the Defendants' allegedly fraudulent conduct was necessarily imputed to the Partnership. At oral argument, the Court was inclined to sustain the Defendants' Demurrer on this basis. However, both parties failed to make reference to Virginia Code § 50-12.

---

[2] Contrary to the Defendants' argument, the Eighth Circuit in *Allright Missouri, Inc. v. Billeter*, 829 F.2d 631, 637-638 (1987), (a case not involving the express language of the Revised Uniform Limited Partnership Act) noted that the minority of courts who have chosen to disallow limited partner derivative suits perhaps have done so on the basis that such derivative suits are only proper when brought against members of the partnership, not against "outsider" partnership debtors. The Court concluded that, "the better approach . . . would be to allow the maintenance of a derivative suit without distinction as to whether it is primarily directed against insiders or third parties." *Id.* at 637.

That section, in relevant part, explicitly provides that, "[n]otice to any partner of any matter relating to partnership affairs,[3] and the knowledge of the partner acting in that particular matter . . . operate as notice to . . . the partnership, *except in the case of a fraud on the partnership committed by or with the consent of that partner*" (emphasis added). At this stage of the proceedings, the Demurrer to Count II is overruled.

B. *Count IV—Breach of Contract; Count V—Interference with Contract; Count VI—Common Law Conspiracy to Induce Breach of Contract*

Finally, particularly with respect to Count IV—Breach of Contract, Defendants primarily argue that since the Partnership itself was not a party to the Partnership Agreement, it has no standing to assert any of the causes of action set out in the three remaining Counts.[4]

While Defendants are correct in their assertions that, as a general rule, only contracting parties or their privies may sue upon a contract, "it has been held . . . that any one for *whose benefit* the contract was made may [also] sue upon it." *Ward v. Ernst & Young*, 246 Va. 317, 329 (1993) (emphasis in original) (citations omitted). Although the Second Amended Bill of Complaint does not expressly allege a third-party beneficiary theory of standing under these Counts, express factual allegations only attract part of the Court's attention on Demurrer. Those facts which can be fairly viewed as impliedly alleged and "those which may be fairly and justly inferred from the facts alleged" are also taken as admitted. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). "When [the Bill of Complaint] is drafted so that [the] defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer." *Id.* (citations omitted).

The Court finds that the Second Amended Bill of Complaint, as well as the very nature of this derivative proceeding, clearly place the Defendants on notice of a third-party beneficiary theory of recovery under these three remaining Counts. In fact, not only has the Partnership benefitted from

---

[3] Further, at least at the Demurrer stage of these proceedings, the Court finds that the Plaintiffs have, at a minimum, impliedly alleged that the Defendants' fraudulent conduct did not sufficiently "relate to partnership affairs" such that the imputation of notice to the Partnership would be inappropriate under these circumstances. *See* Virginia Code § 50-12.

[4] At the May 4, 1994, hearing in this matter, Defendants argued several other grounds for its Demurrer to these three Counts. Those bases were overruled at oral argument and will not be considered here.

execution of the Partnership Agreement, the Partnership entity owes its very legal existence to the Partnership Agreement. It is sufficiently alleged that the Partnership is a clearly intended third-party beneficiary under these circumstances, and the Demurrer is overruled on these three Counts.