## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Demantrell Calvin Hurdle,
an Infant

Case No. HJ-1721-A

In re Leon Anderson,
an Infant

Case No. HJ-1737-A

November 25, 1998

BY JUDGE RANDALL G. JOHNSON

These two cases are appeals from the Juvenile and Domestic Relations District Court of the City of Richmond. In each case, the Richmond Department of Social Services appeals the juvenile court's refusal to approve a foster care service plan of "continued foster care" for a minor. In HJ-1721-A, Demantrell Calvin Hurdle is 12 years old. His mother and father are in favor of the Department's plan. The court-appointed guardian *ad litem* objects to it. In HJ-1737-A, Leon Anderson is almost 16. His parents and the guardian *ad litem* are in favor of the plan.

Virginia Code § 16.1-281 sets out the requirements and procedure for the development of foster care plans. Virginia Code § 16.1-282 sets out the requirements and procedure for review by the juvenile court of foster care plans developed pursuant to § 16.1-281. Virginia Code § 16.1-282.1 sets out the requirements and procedure for "permanency planning" hearings with regard to foster care plans developed and reviewed under the two preceding sections. As far as is pertinent to these appeals, § 16.1-282.1 provides:

> A. In the case of a child who has not been returned to his prior family or placed in an adoptive home, an independent living arrangement or in permanent foster care ... the board, public agency or child welfare agency shall file a petition to (i) transfer the custody of the child to his prior family, (ii) transfer custody of the child to a

relative other than the child's prior family or dissolve the board's or public agency's placement agreement and return the child to his prior family, (iii) terminate residual parental rights pursuant to § 16.1-283, (iv) place the child in an independent living arrangement if the child has attained the age of sixteen years, (v) place the child in permanent foster care, (vi) continue custody with the board or agency or placement with the board or public agency through a parental agreement or (vii) transfer custody to the board or child welfare agency from the parents or guardian of a child who has been in foster care through an agreement where the parents or guardian retains custody.

B. The board, public agency, or child welfare agency shall petition for alternative (vi) or (vii) of this section only if the board, public agency or child welfare agency has thoroughly investigated the feasibility of the alternatives listed in clauses (i) through (v) of this section and determined that none of those alternatives is in the best interest of the child. *If the board or agency petitions for alternatives [sic] (vi) or (vii), alternative (vi) or (vii) may be approved by the court for a maximum period of six months.*

Emphasis added.

As already noted, each of the plans now under consideration is for continued foster care, which is alternative (vi) of § 16.1-282.1. According to the statute, such a plan can only be approved for six months. Because each plan had already been approved for six months, the juvenile court refused to approve them again. In these hearings *de novo*, the Department seeks approval from this court. The court cannot approve them.

At the hearings in this court, the Department made good, rational, and impassioned arguments as to why continued foster care is in the best interests of the two minors involved and why none of the other alternatives set out in the statute are appropriate. For example, Leon Anderson will be 16 on December 30 and will be eligible for a plan of independent living, which is alternative (iv) under the statute. Right now, though, he is ineligible for such a plan. To require the Department to develop a different plan, such as permanent foster care, for the brief time between now and Leon's 16th birthday does, as the Department suggests, seem to be a waste of time. Similarly, with regard to both children, adoption does not seem to be a viable option based on the Department's experiences with children of these ages. And if adoption is not a viable option, it makes little sense to pursue a termination of their parents' residual parental rights. It is also not possible or in either

child's best interest to return him to his parents or other family members. Still, the juvenile court and this court cannot ignore the statute.

Simply put, the Department's argument is that the provisions of the statute at issue are inappropriate and do not best address the needs of children such as Leon and Demantrell. According to the Department, the plans that it has developed will better serve the interests of Leon and Demantrell than any of the other alternatives set out in the statute. That argument, however, must fail. Indeed, it is not for this court to consider why the legislature enacted the provisions of the statute at issue or whether those provisions are good or bad. It simply makes no difference. As the Supreme Court has repeatedly said, "[w]hether legislation is wise is a question for the General Assembly, and not [the courts]." *City of Portsmouth v. City of Chesapeake*, 232 Va. 158, 163, 349 S.E.2d 351 (1986); *see also Carter, Adm'r v. Nelms*, 204 Va. 338, 346, 131 S.E.2d 401 (1963). Nor will this court attempt to construe the statute in such a way as to accomplish what the Department wants to accomplish:

> When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation.

*Winston v. City of Richmond*, 196 Va. 403, 407-408, 83 S.E.2d 728 (1954).

Here, the statutory provisions challenged by the Department are clear and unambiguous. They say what they say. As much as the Department would like for the juvenile court and/or this court to change those provisions, we cannot do it. The Department's request for approval of a foster care plan in violation of the statute in each of the cases under consideration must be denied.