# Richmond.

SUMMERSON, TRUSTEE, v. DONOVAN.

January 13, 1910.

Absent, Buchanan and Harrison, JJ.

1. PARTNERSHIP—*Advance to Member by Firm—Action at Law Not Maintainable.*—Prior to the settlement of the partnership affairs, an action at law will not lie upon a note given by one member of the firm to the firm for an advance made to him by the firm, though he subsequently sold his interest in the firm to another partner, and the firm was thereafter dissolved, and the note held by the assignee, in liquidation, of the other members of the firm, and the action brought by the assignee in his own name. The debt is not an individual debt due by the partner to the firm, but is a mere item in the partnership account.

2. RES JUDICATA—*Partnership—Firm Assets—Note of Partner.*—The fact that an injunction obtained by a member of a dissolved firm against the prosecution of an action at law by the assignee of the firm, on a note given by him to the firm, was subsequently dissolved and his bill dismissed does not establish the fact that the note was a partnership asset of the old firm, with respect to which there had been no settlement.

Error to a judgment of the Circuit Court of the city of Clifton Forge, in a proceeding by motion to recover a judgment for money. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Quarles & Pilson* and *R. C. James,* for the plaintiff in error.

*Jno. T. Delaney* and *C. M. Lunsford,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

On June 25, 1906, the firm of Bowling, Spotts & Co. advanced to Donovan, one of the partners, $3,366.80 in excess of his share of the earned profits prior to January 1, 1906, for which sum he made a negotiable note to the firm, payable four months after date. On September 21, 1906, Donovan sold his interest in the partnership to his copartner, Spotts, "without recourse." There had been no settlement between Donovan and his associates since January 1, 1906, and his share in the profits which accrued between that time and the date of the sale had not been ascertained, nor does it appear whether such share is more or less than the amount advanced.

After the sale of Donovan's interest his former partners continued business under the old firm name until May 1, 1907, when they assigned all the assets of the new firm to the plaintiff in error, Summerson, as trustee in liquidation, to wind up the business. Thereupon the trustee brought this motion against Donovan to recover judgment upon the note in question as an asset of the firm.

The trial court held that the note would not support an action at law, and rendered judgment for the defendant, without prejudice, however, to the plaintiff to assert, in such form as he might be advised, any liability resting upon Donovan with respect to the note or any subsequent promise by him to pay the same (the evidence tending to show such promise), or by reason of his having been a member of the firm.

From this statement it appears that the note, which is the subject of this litigation, was not an individual debt due by Donovan to the firm, but that it constituted a mere item in the partnership account, based upon an advance made by the firm to one of its members.

The law is well settled that an action at law cannot be maintained upon such a note.

In 30 Cyc., 461, it is said: "As a rule an action at law by

one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled. . . The principal reasons for requiring an accounting and settlement between copartners, as a condition precedent to an action at law by one against another upon partnership claims and transactions are these: (1) A dispute of this nature ordinarily involves the taking of a partnership account, for until that is taken it cannot be known but that the plaintiff may be liable to refund even more than he claims in the partnership suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. Such a settlement may be agreed upon by the partners without an action for an accounting; but in order that it may form the basis of an action at law it must show that the partners have agreed upon the sum which each owes to the other." *Aylett* v. *Walker,* 92 Va. 540, 24 S. E. 226.

In Story on Partnership (Bennett's Ed.), sec. 384-a, the learned author observes: "If a partner has made advances to the firm, and others have received advances from it, these do not constitute debts, strictly speaking, until the concern is wound up, but are only items in the account between partners."

These principles are elementary and are abundantly sustained by authority. 2 Clement and Bates, Law of Partnership, sec. 849; *Ross* v. *Carnell,* 45 Cal. 133; *Wilson* v. *Soper,* 13 B. Mon. (Ky.) 411, 56 Am. Dec. 573.

In *Tindall* v. *Bright,* Minor (Ala.), 103, it was held that an action at law was not sustainable on a single bill executed by one of the partners to the firm.

In *Richardson* v. *Bank of England,* 4 Mylne & Craig, 165, 172, Lord Cottenham remarked: "Nothing is more settled than . . what may have been advanced by one partner or received by another can only constitute items in the account. There may be losses, the particular partner's share of which may be more than sufficient to exhaust what he had advanced, or profits more

than equal what the other has received; and until the amount of such profit and loss be ascertained by the winding up of the partnership affairs, neither party has any remedy against, or liability to, the other for payment from one to the other of what may have been advanced or received."

He also quotes with approval the language of Lord Eldon, that "Where a sum is advanced as a loan to an individual partner his profits are first answerable for that sum; and if his profits shall not be sufficient to answer it, the deficiency shall be made good out of his capital; and if both his profits and his capital are not sufficient to make good, he is considered as a debtor for the excess."

The plaintiff in error endeavors to escape the consequences of these controlling principles on the theory that the note, though originally merely evidence of an advance made by the firm to Donovan, had been transformed into a private and individual debt by the parties after the dissolution of the partnership. This contention is not sustained by the record. It is true that Donovan sought injunctive relief against the proceeding at law; but the injunction was dissolved and the bill dismissed. The reasons for the decision are not given, and it is insisted that the court would not have dismissed the bill if it had been shown that the note was a partnership asset of the old firm, with respect to which there had been no settlement. If we may indulge in conjecture, it is quite as reasonable to assume that relief was denied on the ground that Donovan had an adequate remedy at law.

But whatever considerations may have influenced the ruling of the court in that case, it was well warranted in holding that the present action could not be maintained. At the same time, as we have seen, the rights of the plaintiff in error upon a proper accounting were fully protected.

The judgment is without error and must be affirmed.

*Affirmed.*