# CIRCUIT COURT OF THE CITY OF RICHMOND

Robert L. Bulifant, Jr.

v.

P. L. Travis, Jr., and
Travis Realty Co.

Case No. LH 1821

Robert L. Bulifant, Jr.

v.

P. L. Travis, Jr.

Case No. N 1317-2

January 7, 1985

By JUDGE MARVIN F. COLE

I have before me at this time case number N 1317-2 (formerly A-1794 transferred to this courthouse from the Manchester courthouse) in the style of Robert L. Bulifant, Jr. v. P. L. Travis, Jr. This is a suit entitled Bill for Accounting, but under the prayer of the suit a full accounting is not asked for. This deficiency is pointed out in the Cross-Bill of the defendant who requests a full accounting and asks that this suit be transferred to the Circuit Court of Chesterfield County, where a suit for a full accounting was or is pending.

Also, before this court is law case number LH 1821 in the style of Robert L. Bulifant, Jr. v. P. L. Travis, Jr., and Travis Realty Company. This suit alleges the existence of the B.L.T. Association, a partnership, with Bulifant, Travis and Ludwig as partners. It further alleges that P. L. Travis, Jr., and Travis Realty Company had deposited into a B.L.T. Associates escrow account certain funds due to the partnership, and Bulifant asks for judgment against Travis and Travis Realty Company for sums due to him out of this fund and punitive damages.

The two defendants have now filed a motion under Section 8.01-276 of the Code claiming that this court does not have jurisdiction to try this law case since one partner cannot sue another partner on a claim growing out of the partnership business, but can only file a bill for an accounting, where all transactions can be accounted for. This motion is now before the court.

I am in agreement with Mr. [John W.] Pearsall [counsel for the defendant] that this law suit cannot be maintained. The case of Summerson v. Donovan, 110 Va. 657, makes this abundantly clear. Therefore, the motion to dismiss the law suit will be sustained, and the objection of the plaintiff noted.

Counsel in their arguments before me stated that they thought the case of Travis & Ludwig v. Bulifant, 226 Va. 1, decided in the Supreme Court of Virginia on September 9, 1983, was res judicata to a further accounting suit between the partners. I do not believe this to be a correct interpretation of that case. The only issue discussed in that case involved the contract between the B.L.T. Associates partnership and a construction company named Central Valley Construction Co., Inc. The question was whether the contract was for a fixed lump sum or for a "cost plus" amount. The parties had agreed among themselves and signed a memorandum for tax purposes that the contract was for a "cost plus" amount. The Supreme Court agreed with the trial court that Massie v. Firmstone applied and that the parties were bound by the agreement made

between the parties in the memorandum. Although the Supreme Court affirmed the dismissal of the suit for the accounting in the trial court, it does not appear that a full accounting was made. The Supreme Court decision is res judicata only upon the issues actually determined, and that only involved the question of the Central Valley Contract.

As I perceive the law you can have a full accounting among partners. If it later develops that there are other and further transactions that were not considered or just plain forgotten, or not known at the time, the partners can have another accounting. You cannot just let these additional matters vanish into thin air. A suit for an accounting is res judicata only as to the items actually decided and considered in the accounting. The original suit can be amended or a new trial for an accounting can be filed to consider items that were not considered in the original accounting.

It appears to me that the parties hereto have two alternatives as follows:

(1) To ask the Chesterfield Circuit Court to reinstate the original suit in order to consider additional items not considered in the original suit.

(2) To add Ludwig as a party to the chancery suit pending in this court (N-1317-2); and for the parties to then amend the pleadings, both the Bill of Complaint and the Answer, in order now to provide for a full and final accounting between the partners.

In the event that the case remains in this court, it will be referred to a Commissioner in Chancery to hear the evidence and to report accordingly.

In any event the law suit (LH 1821) must be dismissed upon motion of the defendants.