## CIRCUIT COURT OF LOUDOUN COUNTY

Sidney Brown

v.

Edmund Spivak et al.

### Case No. (Chancery) 89–12394

By Judge Thomas D. Horne

July 24, 1992

This case came to be heard upon Complainant's Second Amended and Supplemented Bill of Complaint for Dissolution of Partnership and Accounting and Defendant's response thereto. Subsequent to the hearing, Defendants filed, with permission of the Court, an Amended Cross-Claim, which adds the Want Corp. as an additional party Defendant.

The Court finds from the evidence that Mr. Spivak's indebtedness to Venture as of July 31, 1991, was $165,592.74 plus $1,282.50 with simple interest from January 1, 1969. This additional sum represents the adjustment for acreage deducted in Mr. Parker's accounting. As the purchase money note was never adjusted pursuant to the venture agreement of March 7, 1968 (Paragraph 3), the purchase price should not, pursuant to the agreement, be adjusted in their accounting.

The issue of damages raised by the Cross-Bill was reserved and need not be addressed by the Court. Similarly, the Court does not determine herein anything beyond the amount owed by Mr. Spivak to the venture. All other matters are continued.

This matter again came to be heard upon the Motion for a Temporary Injunction filed by the Cross-Claimant to immediately and temporarily enjoin and restrain Cross-Defendants Eden, Brown and Want Corp. from conveying, transferring, hypothecating, encumbering or

otherwise pledging not only the property which is the subject of the venture agreement but the stock of Want Corp. or stock under the control of Want Corp.

The Court finds that the probability of irreparable harm, maintenance of the status quo, and balancing of the respective equities of the parties warrant the granting of the motion. Accordingly, the cross-Defendants Eden, Brown, and Want Corp. will be enjoined from conveying, transferring, hypothecating, encumbering, or otherwise pledging the subject property or any of the stock of Want Corp. or such stock under the control of Want Corp. Granting of such an injunction will be predicated upon the posting of a bond by Mr. Spivak, with cash or corporate surety in the amount of $100,000.00. Such injunction shall be effective upon the posting of such bond and shall expire on October 1, 1992, unless otherwise modified or extended by further order of the Court.

### August 13, 1993

I have reviewed the proposed Decrees submitted by counsel. It is my intent to enter the Decree submitted by Mr. Ney, except as modified by this letter opinion. Those changes are as follows:

Paragraph 3B should read, "Upon demurrer by Mr. Brown, the Court found Mr. Spivak's alleged promise to use his best efforts to assist with the development of the property was unenforceable for uncertainty."

Insert in the blank space provided that payment be made on or before *December 1, 1993*, "in order to maintain his position that he has an interest in the venture."

The claim of Mr. Spivak for damages is denied.

Mr. Ney is asked to redraw the Decree for endorsement by counsel and resubmission to the Court.

### December 10, 1993

Since this case was last heard, the Court has conducted an exhaustive review of the file. It is an understatement to say that this case has a long and complicated procedural history. The case is now before the Court on Mr. Brown's amended and supplemental bill. In his Second Amended and Supplemental Bill, he asserts that he, Mr. Spivak, and others entered into a joint venture to develop certain property located in Loudoun County, Virginia. He asks that the Court dissolve the joint venture, order an accounting by Spivak of his dealings with the ven-

ture, declare that Spivak has no interest in the venture, and divide the property and proceeds among the remaining joint-venturers.

Mr. Spivak has rejoined, *inter alia*, that he is entitled to recover damages for breach of fiduciary duty, fraud, and slander of title as a result of actions taken against him by the other parties to the joint venture. A proposed Decree was submitted by counsel for Mr. Brown. The draft decree and the Court's letter opinion relevant to the provisions of that decree are the subject of a motion by counsel for Mr. Spivak for reconsideration and clarification. This letter opinion will serve to clarify that decree.

The Court finds that the parties entered into a joint venture to develop a parcel of land consisting of fifty acres more or less located in Loudoun County, Virginia. Pursuant to an agreement dated March 7, 1968, Edmund Spivak acquired a twenty-five percent interest as tenant in common in the parcel. Pursuant to the agreement, Spivak executed a note (which is subject to future adjustments) payable to Mr. Brown and his wife. In addition to the execution of the note, Mr. Spivak, pursuant to the agreement, assumed a pro-rata obligation to make payments toward an existing deed of trust, taxes, assessments, insurance coverage, carrying costs, and reasonable development costs of the subject 50-acre parcel. In this connection, the agreement further provides that Mr. Spivak would:

> share and be responsible for twenty-five (25%) percent of all of the . . . specified taxes, mortgages payments, insurance premiums, etc., as well as any reasonable costs or expenses actually incurred by [Brown, et al.] in the development of the Property. Purchaser's responsibility for the payment of its portion of such costs and expenses which may be chargeable to him shall be added to the principal balance of the note provided for in Paragraph 2(a) and shall be payable in accordance with the terms and conditions of the note.

The note provided for in Paragraph 2(a) is:

> due and payable in full ten years from the date of execution or in whole or in part from the ratable portion of net proceeds payable to Purchaser from time to time from any sale, refinancing or income derived from the Property, whichever shall first occur . . . .

Pursuant to the agreement, Mr. Spivak executed a note payable to Sidney and Sarah Brown dated February 28, 1969, and due February 28, 1979, and which was subject to the terms of the agreement of March 7, 1968.

As part of this action for dissolution and for an accounting, the Court has determined that Mr. Spivak's financial obligation under the agreement, as of July 24, 1992, totaled $165,592.75 with interest.

In addition to their respective financial obligations to the joint venture, the parties agreed that:

> [i]t is the intention of the parties hereto to develop the Property for its best and most economic use. Seller [Brown et al.] shall pay all the costs and expenses of any nature which may be necessary for the development of the Property as the parties may agree is in the best interests of all concerned. Purchaser shall devote his time and effort necessary to direct and facilitate the development of the Property. Neither party may unreasonably withhold his consent to the development of the Property which may be consistent with good business practices and necessary for the profitable use of the property.

While the subject parcel remains raw acreage, there is a significant controversy between Mr. Brown and Mr. Spivak concerning the extent of Mr. Spivak's non-monetary contributions to the joint venture.

In *Roark v. Hicks*, 234 Va. 470 (1987), the Supreme Court observed that:

> [a] joint venture exists where two or more parties enter into a special combination for the purpose of a specific business undertaking, jointly seeking a profit, gain, or other benefit, without any actual partnership or corporate designation. *Roark*, 234 Va. at 475.

As counsel for Brown have previously noted in their papers in this case, the law of partnership governs the rights, duties, and obligations of joint ventures. Thus, the Court in *Roark* held that a joint venturer's right of action against another joint venturer arising out of the affairs of the venture does not begin to run until the completion of the winding up of the affairs of the dissolved enterprise. *Id.* at 475, 476. This case is now before the Court as an action for dissolution, accounting, and winding up of the affairs of the joint venture. As earlier pleaded, this case requested declaratory and other relief, including a determina-

tion that Mr. Spivak no longer had an interest in the property which is the subject of the joint venture.

Within the context of those earlier pleadings, this Court determined that Mr. Brown would be precluded from seeking rescission or cancellation of the conveyance of the 25% interest to Spivak where recovery on the debt evidenced by the note was barred by the applicable statute of limitations. The Second Amended and Supplemental Bill presents a different case. Generally, before one partner or joint venturer may commence an action at law upon a debt due the one by the other, he must first seek an accounting as part of the dissolution and winding up of the affairs of the partnership or venture. *Summerson v. Donovan*, 110 Va. 657 (1910). However, this is not so where such an action is contemplated under the terms of the partnership or joint venture agreement. *IMWA v. Equities IX Co. v. WBC Assocs.*, 961 F.2d 480 (4th Cir. 1992). Thus in *IMWA*, a limited partner was entitled to recovery on an indemnification agreement prior to a dissolution of the partnership where the parties contemplated that payment would be made prior to a dissolution of the partnership and an accounting between the partners.

In the instant case, the agreement bespeaks no such intent that payment might precede an accounting. While the note was to be payable in ten years, the agreement did not contemplate that development of the parcel would be completed within that period or that payment of the note within ten years would eliminate Mr. Spivak's continuing financial responsibility to the maintenance of the property. It is clear that the parties intended that the right of recovery against each other was subject to there being a dissolution of the joint venture and an accounting between the parties.

A joint venturer does not forfeit his interest in the venture by reason of a failure to perform completely under the agreement. 10B M.J., *Joint Ventures*, § 82. Moreover, a party is not entitled to rescission of his contract unless the offending party's breach is so substantial as to defeat the object of the parties in making the contract. *Bolling v. King Coal Theaters*, 185 Va. 991, 996 (1947).

Mr. Spivak questions certain findings of the Court reflected in its letter opinion of August 13, 1993. In that opinion, the Court adopted the language of the decree submitted by counsel for Mr. Brown. That decree provided that, "in order to maintain his position that he has an interest in the venture," Spivak would be required to make his cash contribution by a date certain. The Court gave Spivak until December

1, 1993, to make such payment. This directive is consistent with the requirement (1) that prior to determining to what, if any, relief may be entitled *inter se*, there must be an accounting and (2) the extent to which any breach of the terms of the agreement affect the purpose of the agreement. In this case, the Court has determined that Mr. Spivak has paid nothing of what has been determined to be his cash contribution to the venture. Such a failure, when considered with the evidence in this case undermines the very purpose for which the venture was agreed upon by the parties. Once determined, it was incumbent upon Mr. Spivak to either comply with the terms of his agreement or suffer cancellation of the transfer and the loss of his 25% interest in the venture.

Mr. Spivak asks that the Court address certain questions which he suggests are raised by the Court's ruling. Upon further consideration of the evidence, arguments of counsel, and of the letter opinion of August 13, the court finds that the Court should clarify certain aspects of its ruling.

Spivak asks, "is it the Court's order that unless [he] makes this payment, he will suffer forfeiture of his interest in the venture?" The issue raised by this question is one to which the Court has given much thought. On numerous occasions, counsel for Mr. Brown has argued that Mr. Spivak will profit unfairly from the failure of Mr. Brown to pursue his legal or equitable remedies before they become time barred. While Mr. Brown failed in his attempt to rescind, cancel, or have declared invalid, the conveyance to Mr. Spivak of a one-quarter interest in the subject property within the context of a declaratory judgment action, this does not mean that such relief is not available within the context of this suit for dissolution and an accounting now that his obligation to the venture has been determined. Mr. Spivak's failure to pay the sum due pursuant to the agreement will result in the rescission of the 1968 transfer agreement. Equity requires that Mr. Spivak be put on terms to either comply with the terms of his agreement or suffer the loss of his interest.

The requirement of such contribution is consistent with the general principle that, "he who seeks equity must do equity and . . . should not be allowed to gain an unconscionable advantage from the transaction." *Newton v. Newton*, 199 Va. 654, 660 (1958). The evidence has shown that Spivak, while the owner of an undivided interest in the real property which is the subject of the joint venture, has never made the

capital contribution required for the acquisition of such an interest. His nonmonetary contributions pale in comparison to the financial commitment to the venture. The property has not yet been developed.

Mr. Spivak next posits the question, "does the phrase 'in order to maintain his position' in the Decree mean that the Court will not allow Spivak to assert that he has an interest in the venture unless he pays this sum?" As noted above, should he not make the payment, he may suffer rescission of the joint venture agreement and loss of his interest in the parcel. The Court had given him ample time to make his contribution prior to this date.

It is pointed out by Spivak that the record title to the property which is the subject of the venture remains in Want Corp., and not in Spivak, Brown, and Eden. If so, then Mr. Spivak asks, "to whom should the movant pay this sum, Brown, Want Corporation, or into Court?" This sum should be paid into Court to the General Receiver to the credit of this cause, pending the winding up of the venture and the distribution among the joint venturers.

Mr. Spivak was to have paid the $165,592.74 with interest on or before December 1, 1993. If he has paid that sum, the decree should reflect that he had paid those monies to the General Receiver.

The Court has determined that Mr. Spivak is the owner of a one-quarter undivided interest in the property as a tenant in common; however, he is not entitled to a Decree confirming such title until he has paid the required payment. His failure to make such payment within the time specified will result in rescission of the conveyance and the consequent loss of his 25% interest in the parcel.

Upon payment of his capital contribution, Mr. Spivak shall be entitled to have the decree spread and indexed among the land records conforming his interest in the subject property.

The Court has determined that Mr. Spivak is not entitled to recovery of damages. While joint venturers owe a fiduciary duty to each other, any actions by the parties adverse to the interest of Mr. Spivak were taken within the context of this litigation. See generally, 10B M.J., *Joint Ventures*, § 4. Moreover, he has failed to demonstrate that he has been damaged by such actions.