**CIRCUIT COURT OF FAIRFAX COUNTY**

Donnelley Directory et al.

v.

Commonwealth Women's Clinic

December 9, 1992

Case No. (Law) 108436

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the motion for reconsideration filed by defendant Commonwealth Women's Clinic. For the reasons set forth below, the motion for reconsideration is denied. The judgment entered in favor of the plaintiff will not be disturbed.

The events giving rise to this litigation are given in the parties' pleadings. Between October of 1989 and December of 1990, defendant Commonwealth Women's Clinic contracted with plaintiff to advertise in a telephone directory which plaintiff published. Although the primary business of Commonwealth Women's Clinic is the performance of abortions, the clinic's representative mistakenly was told there was no section of plaintiff's directory titled "Abortions." The parties then contracted for the defendant's advertisement to appear in the plaintiff's directory under the heading "Clinics." When the directory was published, there was in fact an "Abortions" section. Defendant then failed to pay for the advertisement it had placed in the "Clinics" section, and plaintiff filed suit to collect the amount due under the contract. The case was tried without a jury, and the Court entered judgment in favor of the plaintiff.

In this motion, defendant asks the Court to reconsider a defense based on mistake and failure to contract. Defendant argues that the mistake as to the inclusion of an "abortion" section was a mutual mistake of fact requiring rescission of the contract, and in support of this argument cites a string of cases dating from as early as 1819. Certainly, this Court requires no persuading that mutual mistake can be grounds for relief in equity; indeed, "one of the highest preroga-

tives and one of the favorite subjects of equity jurisprudence is to give relief against the consequence of mistake and accident." 13A Michie's Jurisprudence, *Mistake and Accident*, § 3. However, application of the doctrine is reserved for those instances when there occurs mutual mistake as to the "essence" or "substance" of a contract. *Id.* Such was not the case in this instance.

In the case at bar, both parties knew what they were contracting for: advertisement of defendant's business in the "clinics" section of plaintiff's directory. The doctrine of mutual mistake of fact applies to those items which are terms of a written or oral contract. It does not apply to mistakes of fact which do not result in a contract. Although in this case defendant might have preferred to contract for something else, this has no bearing on the validity of the contract into which they did enter. Because there was no mutual mistake as to the essence or substance of the contract at issue, the motion to reconsider is denied.