## Dulles Corner Properties II Limited Partnership, et al.

### v.

## Ray F. Smith, Jr., et al.

Record No. 921355

June 11, 1993

Present: All the Justices

*Mark London (Craig C. Reilly; Murphy, McGettigan, Richards & West*, on briefs), for appellants.

*Marc E. Bettius (William L. Carey; Miles & Stockbridge*, on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

The primary issue in this appeal is whether a general partner in a limited partnership may bring an action at law against another general partner before obtaining a dissolution and accounting of the partnership in equity.

Equity Dulles Corner Venture (Equity) and Sequoia Venture 150 - Dulles Limited Partnership (Sequoia) are the two general partners of Dulles Corner Associates Limited Partnership (DCA). DCA is the general partner of Dulles Corner Properties II Limited Partnership (Dulles). Equity filed a motion for judgment in the trial court that also named DCA and Dulles as plaintiffs. Sequoia and its general partners, Ray F. Smith, Jr., Mark W. Morgan and Herbert N. Morgan (the Morgans), were named as defendants in the action. Sequoia Building Corporation (SBC), owned and controlled by Smith and the Morgans, was also named as a defendant.

The motion for judgment contains five counts. Count I alleges that SBC breached a lease agreement it had with Dulles by failing to make several of its required rental payments. Count II alleges that Sequoia, Smith, and the Morgans breached their fiduciary duties to DCA and Equity by operating SBC in a manner injurious to the interests of Dulles, DCA, and Equity. Count III alleges that the breaches of fiduciary duties set forth in Count II also constitute material breaches of DCA's limited partnership agreement.

Counts IV and V ask the trial court to render a declaratory judgment (1) requiring Sequoia, Smith, and the Morgans to return $758,166.67 in development fees paid to them by DCA and Equity, plus interests, costs, and attorneys' fees, (2) relieving DCA and Equity from all obligation to pay Sequoia or its designees development fees as provided in the DCA limited partnership agreement, (3) removing Sequoia as a managing partner of DCA, and (4) relieving DCA and Equity from all obligation to pay Sequoia or its designees certain other fees required by the DCA limited partnership agreement.

The defendants filed a demurrer on the grounds, among others, that the motion for judgment misjoins parties and causes of action, that it impermissibly seeks equitable relief in an action at law, and that it impermissibly seeks recovery of amounts allegedly due from partners based on partnership claims without first having obtained an accounting. After hearing argument from the parties, the trial court sustained the demurrer on several grounds, including those alleged above. The trial court also granted the plaintiffs leave to amend and ''to sever the actions and file separate suits as appropriate.'' This appeal followed.

Dulles, DCA, and Equity contend that the trial court erred in ruling that a general partner cannot bring suit in the name of a limited partnership without first obtaining a dissolution and accounting of the partnership. They argue that the trial court improperly applied traditional common law rules governing partnerships to the statutory entity of a limited partnership. They also assert that the trial court's ruling violates the stated purpose of the Declaratory Judgment Act, Code §§ 8.01-184 to -191, which is ''to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor.'' Code § 8.01-191.

In response, the defendants assert that, since the act of one general partner is also the act of another and since they own all partnership property jointly, a general partner cannot bring an action at law against another general partner until the partnership is dissolved and a final accounting is made. We agree with the defendants.

As this Court stated in *Summerson v. Donovan*, 110 Va. 657, 658-59, 66 S.E. 822, 822 (1910) (citation omitted), the law in Virginia is settled that ''an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled.'' Given the relationship of general partners to each other

and to the partnership, a contrary rule would result in the legal impossibility of each general partner being both plaintiff and defendant in the same action at law. *See Strother v. Strother*, 106 Va. 420, 427, 56 S.E. 170, 170 (1907); *Wright v. Michie*, 47 Va. (6 Gratt.) 354, 357-58 (1849).

In *Summerson*, this Court further explained the reasons underlying this rule:

A dispute of this nature ordinarily involves the taking of a partnership account, for until that is taken it cannot be known but that the plaintiff may be liable to refund even more than he claims in the partnership suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. Such a settlement may be agreed upon by the partners without an action for an accounting; but in order that it may form the basis of an action at law it must show that the partners have agreed upon the sum which each owes to the other.

110 Va. at 659, 66 S.E. at 822 (citation omitted).

The fact that the partnership before us is a limited partnership does not alter the conclusion we reach. With certain exceptions not pertinent to this appeal, a general partner of a limited partnership has the same rights, powers, and liabilities as a partner in a partnership not having limited partners. Code § 50-73.29. The liabilities of the general partner include those he owes to the partnership and to his other partners. *Id.*

We hold that these provisions of the Virginia Revised Uniform Limited Partnership Act, Code §§ 50-73.1 to -73.77, manifest a clear legislative intent to provide general partners of a limited partnership no more rights against each other than those of any partner in a partnership formed pursuant to common law and the Uniform Partnership Act, Code §§ 50-1 to -43. Therefore, we conclude that the trial court did not err in ruling that Equity must obtain a dissolution and accounting of DCA before asserting the claims set forth in Count II through Count V.

We also reject the plaintiffs' claim that, since Counts IV and V are styled as requests for declaratory judgment, the plaintiffs are entitled to maintain these counts in an action at law notwithstanding the equitable nature of the relief sought. In both Counts IV and V, as set forth above, the plaintiffs seek ''declarations'' from the trial court that, in substance, are requests for reformation of DCA's partnership agreement.

An action at law seeking a declaratory judgment is an improper vehicle for obtaining reformation of a written agreement. A request for reformation must be made in equity. *See Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 184, 320 S.E.2d 339, 344 (1984). Therefore, we conclude that the trial court did not err in ruling that this request for declaratory judgment could not proceed at law.

For these reasons, we hold that the trial court properly sustained the demurrer and we will affirm its judgment.

*Affirmed.*