## CIRCUIT COURT OF FAIRFAX COUNTY

Yu

v.

Wu et al.

August 4, 1994

Case No. (Law) 123746

By Judge Rosemarie Annunziata

The matter before the Court is Defendant Wu's Motion to Set Aside the Default Judgment and Motion For Leave to File Late Responsive Pleadings. The Plaintiff filed a Motion for Judgment against Wu on May 10, 1993. Wu was served by posting on May 13, 1993. No responsive pleadings were filed by Wu within twenty-one days of the service of process. On March 29, 1994, Plaintiff mailed a Notice of Default Judgment to Wu. On April 8, 1994, a default judgment was entered against Wu by this Court, and the case was set down for a hearing with a jury on the question of damages.

Counsel for the Plaintiff contends that the default judgment entered on April 8 is a final order and that, twenty-one days having elapsed, the Court's authority to set aside the judgment is governed by Va. Code § 8.01-428. Counsel for Defendant Wu contends that the default judgment is interlocutory in nature and that the Court retains jurisdiction to set aside the judgment on grounds other than those set forth in § 8.01-428. The Court finds that, whether final or interlocutory, a void judgment cannot stand and that the default judgment entered in this case must be set aside on that ground, as set forth below.

The determination of whether relief should be granted from a default judgment is within the sound discretion of the trial tribunal. *Blinder & Co. v. State Corp. Comm.*, 227 Va. 24, 28 (1984). In general, a default judgment is valid if a cause of action has been stated, the court had territorial

jurisdiction, and subject-matter jurisdiction, and if adequate notice was given to the defaulting party. *Landcraft Co., Inc. v. Kincaid,* 220 Va. 865, 870 (1980).

Plaintiff's Motion for Judgment alleges a partnership between the Plaintiff and the Defendants and a claim which grows out of the partnership transactions. However, it is settled law in Virginia that "an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled." *Dulles Corner Properties v. Smith,* 246 Va. 153, 155 (1993), citing *Summerson v. Donovan,* 110 Va. 657, 658-659 (1910). See *Strother v. Strother,* 106 Va. 420, 427 (1907); *Wright v. Michie,* 47 Va. (6 Gratt.) 354, 357-358 (1849). Since an accounting settling the partners' accounts in this case is not alleged, a valid cause of action has not been pleaded, and the default judgment, entered on April 8, 1994, must be set aside.

Defendant's Motion to Set Aside Default Judgment and the Motion for Leave to File Late Responsive Pleadings are accordingly granted.