## CIRCUIT COURT OF THE CITY OF RICHMOND

American Retirement Homes, Inc.

v.

Eugene H. Bloom
Retirement Center, Inc.

March 8, 1995

Case No. LX-2910-4

BY JUDGE RANDALL G. JOHNSON

This is an action by one joint venturer against another to recover a proportionate share of the payment of a demand note signed by both joint venturers. The second joint venturer has demurred.

As pleaded, the facts are that the parties are joint venturers in the operation of a retirement center in Emporia. As part of the joint venture, the parties executed a demand note in the amount of $165,000, on which the parties were jointly and severally liable. When the noteholder demanded payment, defendant refused to pay its share, and plaintiff paid the note in full. Plaintiff now seeks to recover from defendant one-half the principal of the note plus interest. Defendant, claiming that one joint venturer may not sue another on claims arising out of the joint venture business until the joint venture is terminated and a final accounting made, argues that the motion for judgment should be dismissed. The court agrees.

The precise issue raised by defendant's demurrer has not been decided by our Supreme Court. The case of *Roark v. Hicks*, 234 Va. 470, 362 S.E.2d 711 (1987), however, is very instructive. In *Roark*, the Court had to decide when the statute of limitations began to run in a dispute between joint venturers. The very framing of the question by the Court is strong support for defendant's position, to wit:

> [W]hether the statute of limitations begins to run on a dispute between joint venturers from the time of dissolution of the joint venture or from the completion of its winding up.

234 Va. at 472.

A strong argument can be made that in framing the issue as it did, the Court necessarily assumed that at least until dissolution, *no* cause of action exists in favor of one joint venturer against another. Moreover, the Court also noted:

> "[T]he relationships and duties of joint venturers and partners, toward one another, are essentially the same." *Burruss v. Green Auction Co.*, 228 Va. 6, 10, 319 S.E.2d 725, 727 (1984). Accordingly, the rules of law governing the rights, duties and liabilities of joint venturers are substantially the same as those which govern partnerships. *Jackson Company [v. City of Norfolk*, 197 Va. 62, 67, 87 S.E.2d 781, 785 (1955)] . . . .
>
> Like partners, joint venturers have a fiduciary relationship among themselves which "begins with the opening of the negotiations for the formation of the syndicate, applies to every phase of the business which is undertaken, and *continues until the enterprise has been completely wound up and terminated.* "*Horne v. Holley*, 167 Va. 234, 239, 188 S.E. 169, 172 (1936) [emphasis added].

234 Va. at 475.

The Court then applied the law of partnerships to the statute-of-limitations question before it. I conclude that application of partnership law is equally applicable here.

A partnership is an association of two or more persons to carry on as co-owners a business for profit. Va. Code § 50-3(1). Partnership relations are formed by contract, expressed or implied, and include an agreement to divide the gains or losses between the partners. *Cooper v. Knox*, 197 Va. 602, 607, 90 S.E.2d 844 (1956). Moreover, each partner is liable "for everything chargeable to the partnership . . . ." Va. Code § 50-15. The rationale for not allowing suits between partners until dissolution and final accounting was recently stated in *Dulles Corner Properties v. Smith*, 246 Va. 153, 431 S.E.2d 309 (1993):

> As this Court stated in *Summerson v. Donovan*, 110 Va. 657, 658-59, 66 S.E. 822, 822 (1910) (citation omitted), the law in Virginia is settled that "an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled." Given the relationship of general partners

to each other and to the partnership, a contrary rule would result in the legal impossibility of each general partner being both plaintiff and defendant in the same action at law. *See Strother v. Strother*, 106 Va. 420, 427, 56 S.E. 170, 170 (1907); *Wright v. Michie*, 47 Va. (6 Gratt.) 354, 357-58 (1849).

In *Summerson*, this Court further explained the reasons underlying this rule: "(1) A dispute of this nature ordinarily involves the taking of a partnership account, for until that is taken it cannot be known but that the plaintiff may be liable to refund even more than he claims in the partnership suit." [110 Va. at 659.]

246 Va. at 155-56.

The same rationale applies to joint ventures. A joint venture exists when two or more persons combine in a joint business enterprise for their mutual benefit, with an express or implied understanding or agreement that they are to share in the profits or losses of the enterprise, and that each is to have a voice in its control and management. *American Realty v. Chase Manhattan Bank*, 222 Va. 392, 406, 281 S.E.2d 825 (1981). And, as with partners, each member of a joint venture has the dual status of principal for himself or herself and agent for his or her associates. *Jackson Company v. City of Norfolk, supra*, 197 Va. at 67. Thus, a suit by one joint venturer against another, prior to dissolution and final accounting, would likewise result in the legal impossibility of each joint venturer being both plaintiff and defendant in the same action. Also, because there may be other unresolved issues between the parties, until a final accounting is taken, it cannot be known but that the plaintiff may be liable to refund even more than he or she claims in the joint venture suit. In sum, because the rationale underlying the rule in partnership law that one partner may not sue another partner until the partnership is dissolved and a final accounting taken applies with equal force to joint ventures, and because the Supreme Court's language in *Roark v. Hicks* so clearly leads to the inescapable conclusion that partnership law must apply to the issue now before this court, I hold that one joint venturer may not sue another joint venturer on a claim arising out of the joint venture until the joint venture is terminated and a final accounting taken. Defendant's demurrer is sustained.