## CIRCUIT COURT OF FAIRFAX COUNTY

Bianca Torrez
and Sabino Torrez

v.

Susan Comacho
and Olson Camacho

October 26, 2004

Case No. (Chancery) 189808

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on October 1, 2004, on Defendant Comacho's Demurrer to the Bill of Complaint and on Defendant Comacho's Plea in Bar to the Bill of Complaint. The matter was taken under advisement to determine whether the Demurrer and/or the Plea in Bar should be granted. For the reasons set forth in this opinion letter, the Demurrer and the Plea in Bar are ruled upon in the following manner.

*Factual and Procedural Background*

This action, filed May 4, 2004, stems from the sale of the Tropical Sunset Restaurant (the Business) from the Camachos (Defendants) to the Torrezes (Complainants) on the 1st of November 2002. That same day, the Complainants and Defendants entered into a Partnership Agreement (Agreement) whereby the Complainants, for the initial payment of $50,000, would receive a 95% interest in the business, and the Defendants would maintain a 5% interest. The Defendants' 5% interest would entitle them only to the remaining $20,000 of the purchase price; they had no input as to management of the Business and were not entitled to a share of any profits. In

addition, the Defendants would transfer all applicable licenses to the Complainants and be released from any further liabilities or responsibilities from the Business. A separate clause in the Partnership Agreement also stated that the Partnership could only be dissolved by agreement of all parties; namely both Bianca and Sabino Torrez and Susan and Olson Camacho.

The Restaurant is located on premises leased to the Defendants by Lee Hi, L.L.C. (Lee Hi). According to the Complainants in the Bill of Complaint, the Defendants made representations to the Complainants that the Defendants would assign the lease of the premises to the Complainants. In fact, Lee Hi refused to transfer the lease to the Complainants, referring to a clause in the lease agreement that prohibits the transfer of the lease without the express consent of Lee Hi.

The Business failed sometime prior to the institution of this suit, which was filed twice, once on April 30, 2003, In Chancery 183896, which case was nonsuited on January 29, 2004. Prior to the nonsuit, the Defendant's Demurrer to all four counts was sustained, with leave to amend. Complainant's Amended Bill of Complaint was nonsuited before a ruling was issued on the second of Defendant's Demurrers.

The current Bill of Complaint was filed on May 4, 2004, raising essentially the same issues as the previous Bill of Complaint, with some changes and an additional count, Count V. Defendants again filed a Demurrer to all counts, claiming that the issues have already been decided in this case. Defendants also filed a Plea in Bar, asserting that the alleged oral promise to assign the lease was invalid under the Statute of Frauds.

## *The Plea in Bar*

Defendants have filed a Plea in Bar to contest the Bill of Complaint, stating that the present action is brought to enforce an "alleged verbal agreement for the assignment of a lease with a term of five years." Defendants cite to Virginia Code Ann. § 11-2, the Virginia Statute of Frauds, which states:

> Unless a promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, is in writing and signed by the party to be charged or his agent, no action shall be brought in any of the following cases. . . .

> 6. Upon any contract for the sale of real estate, or for the lease thereof for more than a year. . . .

Va. Code Ann. § 11-2.

Complainants counter that the Bill of Complaint states a cause of action for fraud and rescission of contract and that nowhere in the pleadings is there an attempt to enforce the oral agreement to assign the lease.

"Where no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented." *Niese v. City of Alexandria*, 264 Va. 230, 233, 564 S.E.2d 127, 128 (2002) (citing *Lostrangio v. Laingford*, 261 Va. 495, 497, 544 S.E.2d 357, 358 (2001)). "The facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the special plea." *Niese* at 233.

While the agreement to enforce the lease lies at the heart of the matter, Complainants do not ask the Court to enforce the alleged agreement to assign the lease. The Court finds, therefore, that the Statute of Frauds is inapplicable in this case, and Defendant's Plea in Bar is overruled.

### The Bill of Complaint

There are five counts to the current Bill of Complaint:

Count I: Rescission (Mutual Mistake of Fact). Claiming that, at the time the parties entered into the agreements, the Complainants believed that the Defendants could, and would, effect an assignment of the lease.

Count II: Rescission (Fraud in the Inducement). The Complainants contend that the Defendants, at the time of the agreements, knew, or should have known, that they could not effect a valid assignment of the lease to the Complainants.

Count III: Rescission (Failure of Consideration). Complainants claim that the failure and inability of the Defendants to effect an assignment of the lease to the Complainants constitutes a substantial or complete failure of consideration between the parties, rendering the transfer of the Business without effect.

Count IV: Common Law Fraud. The Defendants represented that they could, and would, effect a valid assignment of the lease of the premises and that such statements were made knowingly, or with reckless disregard to the Complainants, resulting in damage to the Complainants. Damages include $40,000 paid to the Defendants for the purchase of the business and $25,000 spent to re-equip the premises.

Count V: Partnership Accounting. The Complainants claim that the Defendants have liquidated the assets of the partnership formed with the Complainants and that the Complainants are entitled to an accounting of the

assets and are entitled to be compensated for their share of the liquidation of those assets.

## Defendant's Argument

### Demurrer to All Counts and Plea in Bar

The Defendants' arguments consist primarily of the assertion that the Demurrers in the preceding suit resolve the matters in this case and incorporate by reference the Demurrer filed in the previous case. Defendants argue that the Complainants fail to allege that performance under the contract prevented them from performing under the agreement. They also claim that the Bill of Complaint in this case is so similar to the previous Bill of Complaint filed in the previous case that the claims should be dismissed on *res judicata* or estoppel grounds.

### The Virginia Standard for a Demurrer

"Viewing the allegations of the amended motion for judgment as we must on demurrer and accepting as true all material facts which are well-pleaded but not necessarily approving the conclusions of law stated by the pleader, *Ames v. American National Bank,* 163 Va. 1, 37-38, 176 S.E. 204, 215-16 (1934), the sole issue is whether the plaintiff has set forth a cause of action against the defendants." *Votsis v. Ward's Coffee Shop,* 217 Va. 652, 654, 231 S.E.2d 236, 238 (1977). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993) (citing *Flippo v. F & L Land Co.,* 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991)).

This standard will be applicable to the Demurrers to all five counts of the Bill of Complaint and to the claim for Punitive Damages as well.

### Analysis of Count I: Rescission (Mutual Mistake of Fact)

Complainants contend that a "mutual mistake of fact" should result in rescission of the contract, that the Complainants would not have entered into the contract but for the belief that they had a valid and enforceable transfer of the right to occupy the premises. Defendants respond that an assignment of the lease was not intended by the parties.

Certainly, this Court requires no persuading that mutual mistake can be grounds for relief in equity; indeed, "one of the highest prerogatives and one of the favorite subjects of equity jurisprudence is to give relief against the consequence of mistake and accident." 13A Michie's Jurisprudence, *Mistake and Accident*, § 3. "However, application of the doctrine is reserved for those instances when there occurs mutual mistake as to the "essence" or "substance" of a contract." *Id. Donnelley Directory v. Commonwealth Women's Clinic*, 29 Va. Cir. 377, 378 (Fairfax 1992). "And, we have held that a court cannot grant rescission of a written contract based upon mutual mistake of fact when fraud and not mutual mistake of fact had been pleaded as a basis for relief." *Virginia Natural Gas Co. v. Hamilton*, 249 Va. 449, 454, 457 S.E.2d 17, 21 (1995) (citing *Hensley v. Dreyer*, 247 Va. 25, 30-31, 439 S.E.2d 372, 375-76 (1994)).

In Count I, Complainants plead that the transfers of the leased premises and the licenses, permits, and authorizations to conduct business were material to the agreement of the parties and that, without such a transfer of the lease, the object of the agreement between the parties was without effect. Nowhere do Complainants plead that the Defendants were under the impression that the lease could be assigned. In Count II, Complainants rely on the letter from Lee High, L.L.C., to support their contention that Defendants committed "fraud in the inducement," specifically, that the Defendants knew that they could not assign the lease as they had already been told they could not by Lee High, L.L.C.

The key to "mutual mistake of fact" is "mutual." Defendants presumably were never under the impression that they could, indeed, assign the lease; in fact, their Demurrer contends that "assignment of the Lease was not intended by the parties." There may have been a mistake of fact, but it was not mutual.

Rescission can also be granted for unilateral mistake if one party defrauds another. "[A] unilateral mistake . . . will not be rescinded or reformed absent evidence of fraud by the other party." *Pillow v. Pillow*, 13 Va. App. 271, 276, 410 S.E.2d 407, 410 (1991). Unilateral mistake, coupled with fraud, is grounds for rescission, but Complainants do not plead that here. The Court sustains the Demurrer on Count I.

*Analysis of Count II: Rescission (Fraud in the Inducement)*

Complainants contend that the transfer of the leased premises, either to the Complainants or to the partnership, was material to the agreement of the parties. They also allege that the Defendants knew, or should have known, that they could not effect a transfer of the lease. The Complainants also allege that

such representation was false, with the purpose of inducing the Complainants into the contract.

Defendants argue that the fraud alleged in the Bill of Complaint is not pleaded with enough particularity, claiming that the Bill of Complaint does not identify what specific material misrepresentation was made by Defendants. For this premise, they rely on *Devansky v. Dryvit Systems*, 52 Va. Cir. 359 (Fairfax 2000).

> To maintain a claim for fraud, the pleading must be distinctly stated so that the defendant has the opportunity to shape his defense accordingly. See *Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (citing *Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952)); see also *Alsop v. Catlett*, 97 Va. 364, 370, 34 S.E. 48, 50 (1899). A plaintiff asserting a cause of action for actual fraud bears the burden of proving by clear and convincing evidence the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Richmond Metro. Auth. v. McDevitt*, 256 Va. 553, 557-58, 507 S.E.2d 344, 346 (1998) (quoting *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994)); see also *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991).

*Devansky v. Dryvit Systems*, 52 Va. Cir. 359 (Fairfax 2000).

"Fraud, such as will constitute ground for the rescission of a contract, must be clearly shown." *Brame v. Guarantee Finance Co.*, 139 Va. 394, 408, 124 S.E. 477 (1924). "While, as defendant says, contracting parties may waive their contractual rights and disclaim or limit certain liabilities, a "false representation of a material fact, constituting an inducement to the contract, on which the purchaser had a right to rely, is always ground for rescission of the contract by a court of equity." *George Robberecht Seafood, Inc. v. Maitland Bros. Co.*, 220 Va. 109, 112 (1979) (citing *Wilson v. Carpenter*, 91 Va. 183, 187, 21 S.E. 243, 244 (1895)).

"Fraud in the inducement of a contract is also ground for an action for damages in a court of law." *George Robberecht Seafood, Inc. v. Maitland Bros. Co.*, 220 Va. 109, 112 (1979) (citing *Jordan v. Walker*, 115 Va. 109, 117, 78 S.E. 643, 645 (1913)). "When fraud in the procurement of the written contract is pleaded, parol evidence tending to prove the fraud is admissible,"

and the fact that such a pleading shows that a party intends to rely upon such evidence "would not render the [pleading] demurrable." *Id.*

Complainants in this case have pleaded that, but for the implied promise of assigning the lease to the purchased restaurant, they would not have entered into a contract. This contention is supported by the "sales contract" which states, "The purchaser shall assume all responsibility for the lease space located at 5731 Lee Highway, Arlington, Virginia. The Seller shall have no responsibility of any contracts, licenses, etc., entered into by Black and White Catering or any other company owned by Bianca Torrez in her ownership after November 1, 2002." The sales contract goes on to add that the purchaser shall pay the rent to Lee High, L.L.C., "throughout the remaining period of the lease agreement."

This language is more indicative of an assignment, not a sublet, in that it contemplates extending to the end of the lease period. Even under the terms of the written contract, the Complainants may have been justified in believing that they would assume the lease. In addition, based on the letter received from Lee High, L.L.C., it appears that the Defendants were aware that Lee High, L.L.C., would *not* acquiesce to an assignment of the lease to the Complainants. Complainants, in their Bill of Complaint dated May 4, 2004, which is essentially an Amended Bill of Complaint, have added paragraph 8, which pleads that "Defendants, prior to and at the time the parties entered into the agreements . . . represented to the Complainants that the Defendants could and would execute a valid assignment of the lease . . ." and in paragraph 11, plead that the Defendants knew that such an assignment could not be effected and that, in fact, the assignment had been rejected before the parties entered into the agreement.

Because Complainants have amended their original Bill of Complaint and because Complainants are entitled to supplement such pleadings by parol evidence to prove fraud in the inducement and, from its face, the written contract appears to show a justifiable reliance on the Complainant's part that the lease would be assigned, Defendant's Demurrer to Count II is overruled.

*Analysis of Count III: Rescission (Failure of Consideration)*

Complainants claim that the failure of the Defendants to assign and convey the lease to them constitutes a failure of consideration and that such failure renders the object of the agreement between the parties without effect. In response, Defendants contend that the Complainants are not prevented from running the restaurant and earning an income.

Rescission may be granted for a failure of consideration where such failure defeats the purpose of the instrument, as in *Echard v. Waggoner*, 126 Va. 238, 101 S.E. 245 (1919); but "where a party wishes to rescind a contract on the ground of failure of consideration, if the failure has been partial only and a subsisting executed part performance is in his hands and there has been no fraud on the part of the other, rescission will not be allowed." *Bolling v. King Coal Theatres*, 185 Va. 991, 997, 41 S.E.2d 59, 64 (1947). To be entitled to rescission, the complainant had the burden of proving the terms of the contract from which he sought relief and of showing that the defendant had breached those terms in such a material way that there resulted a total or substantial failure of consideration, thus defeating the object of the parties in making the contract in the first instance. *Marshall v. Oldsmobile Co.*, 207 Va. 972, 979, 154 S.E.2d 140, 146 (1967).

Nowhere do the Complainants claim that they were unable to earn an income or perform under the contract because of the failure of the Defendants to assign the lease, nor do they plead it as a reason that the Business failed. As such, the basic requirements for rescission under *Bolling* and under *Marshall* have not been met. The Demurrer on Count III is sustained.

### Analysis of Count IV: Common Law Fraud

Complainants contend that, at the time they entered into the Agreement with the Defendants, they would not have entered into the Agreement with the Defendants but for the conveyance of the lease. They also claim that the Defendants were aware that they could not arrange for the conveyance of the lease. Complainants maintain that the assignment of the lease was material, and indeed, central, to the transaction between the parties, that they relied on these representations, and that such reliance was to their detriment.

Defendants maintain that Complainant's allegations are conclusory and not supported by specific facts and cite to the *Tuscarora* case, in which the Virginia Supreme Court concluded that, in that case, the "allegations are too vague, indefinite, and conclusory to state a cause of action." *Tuscarora v. B.V.A.*, 218 Va. 849, 858, 241 S.E.2d 778, 787 (1978). Defendants claim that Complainants have failed to plead a "positive misrepresentation of fact" that was relied upon to their detriment.

As a general rule, "fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Soble v. Herman*, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940). "The reason underlying the general rule is that "a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to

perform it does not change its character." *Patrick v. Summers*, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988). What is more, "an allegation of fraud in the abstract does not give rise to a cause of action; it must be accompanied by allegation and proof of damage." *Klaiber v. Freemason Associates*, 266 Va. 478, 485, 587 S.E.2d 555, 561 (2003) (citing *Community Bank v. Wright*, 221 Va. 172, 175, 267 S.E.2d 158, 160 (1980)). "In *Community Bank*, we observed that 'the rule as to what constitutes damage [for fraud], in any case, may broadly be stated to be that there is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed'." *Klaiber* at 485.

While the Court finds that the Complainants have, indeed, pleaded a positive misrepresentation of fact, specifically, that the Defendants made false representations that they could, and would, effect the transfer of the lease, the Complainants have not pleaded damages that put them worse off than they would have been if the Defendants had *not* committed the alleged fraud. Nowhere do the Complainants make the claim that the failure of the Defendants to assign the lease to them was the direct causation of, or in any way related to, any damages they may have suffered. For this reason, the Court sustains the Demurrer on Count IV.

### Count V: Accounting

The Complainants claim that, upon information and belief, the Defendants have liquidated the assets of the partnership, and that they are entitled to an accounting. They claim that the Defendants, as partners, have breached the fiduciary duty owed partners to one another by not receiving the highest and best value for the assets.

The Defendants demur to this count, saying that paragraph 39 of the pleadings alleges a breach of duty. Citing *Dulles Corner Properties v. Smith*, 246 Va. 153 (1993), the Defendants claim that, as the Complainants are suing on a breach, they cannot do so until an accounting is done. "As this Court stated in *Summerson v. Donovan*, 110 Va. 657, 658-59, 66 S.E. 822, 822 (1910), the law in Virginia is settled that 'an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled.' Given the relationship of general partners to each other and to the partnership, a contrary rule would result in the legal impossibility of each general partner being both plaintiff and defendant in the same action at law. See *Strother v. Strother*, 106 Va. 420, 427, 56 S.E. 170, 170 (1907); *Wright v. Michie*, 47 Va. (6 Gratt.) 354, 357-58 (1849)." *Dulles* at 155 (citation omitted).

The Defendants argument on this count fails; the Court in *Dulles* was examining a suit at law by one of two general partners, who together made up a limited partnership, against the limited partnership itself. Such an arrangement would, in the Court's words, result in the general partner being both the plaintiff and the defendant in the same case. The correct procedure, according to the Court, would be to proceed in equity to obtain an accounting and then proceed with the claim at law.

This is exactly the course that the Complainants in the instant case are taking. The Complainants are asking for an accounting in equity, claiming that the breach of fiduciary duty by the Defendants in disposing of some of the assets, and not obtaining the highest and best value for the assets of the partnership, entitles them to such an accounting. Defendants have not challenged the validity of the Partnership Agreement, which, on its face, states that "all parties must be in agreement on terms of dissolving the partnership." There is no evidence before this Court that the partnership has been dissolved. As such, the partners owe one another an accounting if and when assets of the partnership are disposed of, if one partner so requests. For these reasons, the Court overrules the Demurrer to Count V.

## Punitive Damages

In their Bill of Complaint, Complainants have asked for punitive damages. Defendants contend that Complainants have failed to plead circumstances sufficient to warrant the award of punitive damages.

An award of punitive damages requires a showing that a defendant's "conduct was of 'such recklessness or negligence as evinces a conscious disregard of the rights of others'." *Allstate Ins. Co. v. Wade*, 265 Va. 383, 396, 579 S.E.2d 180, 192 (2003) (citing *Puent v. Dickens*, 245 Va. 217, 219, 427 S.E.2d 340, 342 (1993)). "The theory upon which exemplary, punitive, or vindictive damages, sometimes called 'smart money,' are allowed is not so much as compensation for the plaintiff's loss as to warn others, and to punish the wrongdoer if he has acted wantonly, oppressively, recklessly, or with such malice as implies a spirit of mischief, or criminal indifference to civil obligations." *PGI, Inc. v. Rathe Productions, Inc.*, 265 Va. 334, 345, 576 S.E.2d 438, 449 (2003). "Willful or wanton conduct imports knowledge and consciousness that injury will result from the act done. The act done must be intended or it must involve a reckless disregard for the rights of another and will probably result in an injury. Ill will is not a necessary element. . . ." *PGI, Inc. v. Rathe Productions, Inc.*, at 345.

Complainants have failed to plead sufficient allegations of recklessness or negligence. Neither have Complainants pleaded that the Defendant's failure to assign the lease caused any direct injury, much less that the Defendants evinced a conscious and reckless disregard for any such injury. Defendants Demurrer to the Complainants request for punitive damages is sustained.

## Conclusion

Defendant's Plea in Bar and Defendant's Demurrers to Counts II and V are overruled, and Defendant's Demurrers to Counts I, III, and IV and to the Punitive Damages are sustained.