# CIRCUIT COURT OF THE CITY OF RICHMOND

Alan R. Delforn

v.

Michael E. Melton
and JM Commercial
Properties, L.L.C.

November 14, 2006

Case No. CL06-5077-1

BY JUDGE MELVIN R. HUGHES, JR.

The court took under advisement defendant's Demurrer as to Count II of the plaintiff's Complaint. This count alleges an agreement between the parties to share management fees under a contract with a third party and makes a claim for monies due. The two named defendants have both filed a Demurrer as to the respective claims. Each defendant asserts plaintiff lacks standing and that plaintiff is otherwise foreclosed from mounting a claim for a share of the management fees due to a Purchase and Sales Agreement between plaintiff Delforn and defendant Melton, which compromised and settled any and all claims by and between them. Finally, the Demurrer asserts that, since the Complaint claims the parties were operating as partners, before a suit for money damages can be maintained, there must first be a winding up of the partnership.

The issue of a partnership wind-up is dispositive as to plaintiff's claim against defendant Delforn individually. The allegation is that plaintiff and Delforn were business partners. As to defendant JM's Demurrer, the issues of partnership wind-up and accounting and standing are dispositive. The written agreement, which is the basis for the claim of a share of the management fees, is between Hull Street Properties, L.L.C., and Atack Properties. Nothing in that agreement is apparent which would make plaintiff an intended

beneficiary. Thus, plaintiff has not demonstrated a claim for which he has standing to sue under the cited contract. *Caudill v. County of Dinwiddie*, 259 Va. 785, 529 S.E.2d 313 (2000).

As noted with plaintiff's claim against Melton individually, a partnership wind-up and accounting must first be resorted to because "an action at law by one partner against his co-partners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled." *Summerson v. Donovan*, 110 Va. 657, 658-59, 66 S.E. 822 (1910). Accordingly, the Demurrers are sustained on these bases. Plaintiff can amend within fifteen days. A response shall be due within ten days of receipt.